# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KERTREDIA BOYD,
> Appellant,

v.

DEPARTMENT OF THE ARMY,
> Agency.

DOCKET NUMBER
AT-1221-20-0096-W-1

DATE: July 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kertredia Boyd</u>, Columbus, Georgia, pro se.

<u>Robert S. </u>Black, Esquire, and <u>Anne M. Norfolk</u>, Esquire, Fort Benning, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On January 2, 2018, the appellant received a tentative offer of employment with the agency as a Medical Records Technician (Coder). Initial Appeal File (IAF), Tab 1 at 8. The agency's offer of employment was contingent upon her successful completion of a background investigation that required her to submit various forms through the Personnel Security Investigation Portal (PSIP). *Id.*

On February 14, 2018, the agency withdrew the appellant's tentative job offer citing suitability issues and the appellant's "untimely completion of the PSIP." *Id*. at 9. The agency explained that it had made "[five] attempts in requesting PSIP" and that the PSIP had been cancelled on three occasions due to the appellant either failing to respond or providing incorrect information. *Id*. Thereafter, on February 22, 2018, the agency issued an amended letter withdrawing its tentative job offer, explaining that its withdrawal was based on suitability issues, two cancellations of the PSIP due to either omissions or incorrect information being submitted, and a third more recent cancellation "due to not following directions and submitting the correct information . . . which was also requested on the second cancellation of the investigation." *Id*. at 49.

The appellant filed an appeal with the Board indicating that she was challenging a negative suitability determination and the agency's withdrawal of a job offer. *Id*. at 3. The appellant explained that she had sent an email to an agency employee regarding her background investigation on February 13, 2018, and that the agency had withdrawn its offer 1 day later, on February 14, 2018. *Id*. at 5. She also explained that she had submitted three tickets to the "PSIP Customer Service Center," but did not receive a response to her third ticket until February 16, 2018, two days after the withdrawal of her job offer. *Id*. The appellant expressed belief that a particular agency employee had "refused to answer the inquiry made on ticket#3 because [she] blew the whistle" on a conversation the two had "on 2/13/19."[2] *Id*. at 6 (punctuation as in original). The appellant also alleged that she met with agency management on February 20, 2018; however, management was unaware that her job offer had been rescinded on February 14, 2018. *Id*. at 5. With her appeal, the appellant provided a September 3, 2019 letter from Office of Special Counsel (OSC) indicating that the appellant had filed a complaint alleging that the agency's rescission of her job offer constituted whistleblower retaliation. *Id*. at 12-13. In the letter, OSC informed the appellant that it found no reason for further inquiry into her allegations and it informed her of her Board appeal rights. *Id*. The appellant requested a hearing before the Board on the matter. *Id*. at 2.

The administrative judge issued a jurisdictional order wherein he explained the circumstances under which the Board has jurisdiction to adjudicate individual right of action (IRA) appeals, and he ordered the appellant to file specific evidence and argument regarding jurisdiction within 10 days. IAF, Tab 3 at 1-8. The appellant did not respond to this order.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF,

---

[2] The administrative judge presumed, as do we, that the appellant intended to refer to February 13, 2018. IAF, Tab 5, Initial Decision at 3 n.2.

Tab 5, Initial Decision (ID) at 1, 5. In so doing, the administrative judge explained that the basis of the appellant's appeal was difficult to discern. ID at 4. He concluded that, to the extent the appellant was alleging that she made a protected disclosure or engaged in protected activity during her February 20, 2018 meeting with agency management, such an allegation was insufficient to warrant a hearing because the meeting occurred after the appellant's job offer had already been withdrawn; thus, any alleged protected disclosure could not have been a contributing factor in the agency's decision to withdraw its job offer. ID at 1 n.1, 4. He further concluded that, to the extent the appellant was alleging that she had made a protected disclosure or engaged in protected activity in her communications with the agency prior to the February 20, 2018, her allegations were insufficient to warrant a hearing because the communications concerned her criminal history and her failure to submit complete and accurate background information and, therefore, did not amount to protected disclosures. ID at 1 n.1, 4-5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded. In her petition for review, the appellant avers that a particular agency employee failed to respond to her PSIP inquiry and withdrew her job offer in reprisal for disclosures she made to the employee and the employee's superiors in a February 13, 2018 email. *Id*. at 3. The appellant also resubmits the documents that she provided to the administrative judge.[3] *Id*. at 5-87.

---

[3] Insofar as these documents are already part of the record, the appellant has not provided any new evidence. PFR File, Tab 1 at 5-87; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[4] that she exhausted her remedies before OSC and make nonfrivolous allegations[5] of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.

The appellant's assertion that she made a nonfrivolous allegation of a disclosure under 5 U.S.C. § 2302(b)(8) is unavailing.

The appellant seemingly alleges that her February 13, 2018 email to an agency employee and this employee's superiors amounted to a protected disclosure under 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 3; IAF, Tab 1 at 47. The appellant contends that, through this email, she disclosed that the agency employee who was assisting her with the background investigation told her that her job offer might be withdrawn on account of the appellant's failure to follow instructions. PFR File, Tab 1 at 3; IAF, Tab 1 at 47. The appellant explains that this statement was unwarranted insofar as she had responded to all of the employee's requests within the same day whereas the employee had often failed to respond to her for days at a time.[6] PFR File, Tab 1 at 3. However, the appellant acknowledged in the subject email that she was responsible for two PSIP errors. IAF, Tab 1 at 47.

---

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). Whether allegations are nonfrivolous is determined based on the written record. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016).

A nonfrivolous allegation of a protected disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id*.

We discern no basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation of a protected disclosure. ID at 3-5; *see* 5 U.S.C. § 2302(b)(8); *see also Salerno*, 123 M.S.P.R. 230, ¶ 6. Here, the appellant's alleged disclosures amounted to, at most, her informing agency employees that the employee assisting her with her background investigation was nonresponsive, erroneously accused her of failing to follow one or more instructions, and stated that this failure "may" result in the withdrawal of her job offer. PFR File, Tab 1 at 3; IAF, Tab 1 at 47. To the extent the appellant contends that she disclosed this employee's abuse of authority under 5 U.S.C. § 2302(b)(8)(A)(ii)[7] or any other category of wrongdoing specified in 5 U.S.C.

---

[6] The appellant alleges that, with her email, she provided "email traffic" evincing that the employee was nonresponsive to her emails. PFR File, Tab 1 at 3. The appellant provided four copies of the February 13, 2018 email both before the administrative judge and on review; however, it is unclear from her filings which, if any, prior email conversations and/or attachments were sent with the appellant's February 13, 2018 email. IAF, Tab 1 at 30, 47, 64, 81; PFR File, Tab 1 at 34, 51, 68, 85. Nevertheless, given the posture of this appeal, we will assume that the appellant disclosed that the agency employee was nonresponsive. *See Corthell*, 123 M.S.P.R. 417, ¶ 8.

[7] The appellant references "[an] abuse of authority" and cites 5 U.S.C. § 2302(a)(2)(D) (ii), which defines "disclosure" to include, among other things, an abuse of authority.

§ 2302(b)(8), we find her contention unavailing. PFR File, Tab 1 at 3; IAF, Tab 1 at 47; *see Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶¶ 8, 12 (2008) (finding an appellant's allegation that his supervisor terminated a contract with a vendor out of animosity too vague to constitute a nonfrivolous allegation of a protected disclosure), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); *see also Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶¶ 15, 17 (2006) (finding the appellant's allegations that agency employees lied when they complained about him to agency management did not constitute a nonfrivolous allegation of a specific and detailed disclosure protected by 5 U.S.C. § 2302(b)(8)).

Thus, we find that the appellant's allegations are not ones that a reasonable person in her position would believe evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8); *see also Salerno*, 123 M.S.P.R. 230, ¶ 6. Accordingly, we discern no basis to disturb the administrative judge's conclusion that the Board lacks jurisdiction over the appellant's IRA claim. ID at 1, 5; *see Corthell*, 123 M.S.P.R. 417, ¶ 8.

---

PFR File, Tab 1 at 3. However, she subsequently alleges that the employee "abused her authority by withdrawing [her] job offer because [the appellant] blew the whistle on her when [the employee] accused [the appellant] of not doing what she told [her] to do." *Id*. Thus, the appellant may be alleging not that she disclosed an abuse of authority, but rather that her February 13, 2018 email prompted the agency to withdraw her job offer, which constituted an abuse of authority. *See id*.

We discern no other basis for Board jurisdiction over this matter.[8]

*The Board lacks jurisdiction over this matter as a suitability action.*

The appellant checked a box on her initial appeal form indicating that she was challenging a "[n]egative suitability determination." IAF, Tab 1 at 3. The Office of Personnel Management's regulations governing suitability actions specify that a denial of an appointment or nonselection for a position is not a suitability action. *See Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 8 (2009); 5 C.F.R. § 731.203(b). Here, the appellant has suggested, and the record substantiates, that the agency denied her appointment to a particular position, i.e., Medical Records Technician (Coder). IAF, Tab 1 at 3, 8. The agency did not take any broader action regarding the appellant's eligibility, such as canceling any other eligibilities on other existing competitive registers. *See Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 7 (2009); *see also* 5 C.F.R. § 731.203(a) (providing that a suitability action includes a cancellation of eligibility). Thus, no suitability action took place here and the Board lacks jurisdiction on this basis.

*The Board lacks jurisdiction over the agency's withdrawal of its tentative job offer.*

The appellant also indicated on her initial appeal form that she was appealing "JOB OFFER WITHDRAWN." IAF, Tab 1 at 3. To establish Board jurisdiction over the cancellation of an appointment, the appellant must show the following: (1) the appointment actually occurred; that is, that it was approved by an authorized appointing official aware that he or she was making the

---

[8] Although the appellant indicated on her initial appeal form that she was challenging a "[n]egative suitability determination" and "JOB OFFER WITHDRAWN," IAF, Tab 1 at 3, the administrative judge did not address these claims in his jurisdictional order, IAF, Tab 3 at 2-8, or his initial decision, ID. Ordinarily, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, however, the lack of jurisdictional notice did not prejudice the appellant's substantive rights because the record plainly shows that the Board lacks jurisdiction on these bases. *See Pennington v. Department of Veterans Affairs*, 57 M.S.P.R. 8, 11 (1993); *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

appointment; (2) the appellant took some action denoting acceptance of the appointment; and (3) the appointment was not revoked before the appellant actually performed in the position. *Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶ 14 (2009). Here, insofar as the record evinces that the agency's job offer was merely tentative, i.e., the appellant never actually performed in the position, the Board lacks jurisdiction on this basis. IAF, Tab 1 at 9, 49; *see Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 11 (2012) (finding that the Board did not have jurisdiction over the agency's cancellation of the appellant's appointment when the agency rescinded its offer before the appellant actually performed in the position).

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.